UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL OBIAGWU,

Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,

Defendants.

24 Civ. 7892 (JPC) (GS)

OPINION AND ORDER

JOHN P. CRONAN, United States District Judge:

Plaintiff Emmanuel Obiagwu, proceeding *pro se*, brings this action against the City of New York, the New York Police Department ("NYPD"), the Fire Department of New York ("FDNY"), New York Presbyterian Hospital ("NYPH"), three NYPD officers, two FDNY emergency medical technicians ("EMTs"), six NYPH security officers, and Jane Doe NYPH nurses. Dkt. 68. NYPH, the NYPH security officers, and the Jane Doe NYPH nurses (the "NYPH Defendants") have moved to dismiss Plaintiff's claims against them in his Second Amended Complaint. Dkts. 79-88. On July 29, 2026, the Honorable Gary Stein, to whom this case has been referred for general supervision of pretrial proceedings and to issue a report and recommendation on any dispositive motions, recommended that the undersigned grant the motion in part and deny it in part. Dkt. 92. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## I. Background

The Court recites the facts and procedural history to the extent relevant to resolving the pending motion to dismiss. On October 9, 2024, Plaintiff initiated this action against the City of New York; the NYPD; the FDNY; NYPH; NYPD Officers Brian Dobbins, Warren Ritter, and

Daniel Silverio; and several unnamed individuals who appeared to refer to FDNY EMT personnel and NYPH security officers and/or doctors and nurses. Dkt. 1. Following a *Valentin* order issued by Judge Stein, Dkt. 8 at 3,[1] Plaintiff filed his First Amended Complaint on May 26, 2025, adding two EMTs and six NYPH security officers as Defendants and further factual allegations. Dkt. 29.

On July 18, 2025, NYPH and the six NYPH security officers moved to dismiss Plaintiff's First Amended Complaint. Dkts. 41-43. On September 15, 2025, Judge Stein informed Plaintiff that he may respond to the motion by either filing a brief in opposition or by "fil[ing] a Second Amended Complaint that seeks to cure the deficiencies alleged in NYPH's Motion." Dkt. 60 ("Sept. 15, 2025 Order") at 1. On October 13, 2025, Plaintiff filed his Second Amended Complaint.[2] Dkt. 68 ("SAC"). The Second Amended Complaint further names the Jane Doe NYPH nurses as Defendants and pleads additional factual allegations and causes of action not contained in the First Amended Complaint. *Id.* The NYPH Defendants then filed the pending motion to dismiss on January 9, 2026.[3] Dkts. 79, 81, 83. Plaintiff filed his opposition brief on February 4, 2026, Dkt. 89, and the NYPH Defendants filed their reply brief on February 17, 2026, Dkts. 90-91.

On July 29, 2026, Judge Stein issued a Report and Recommendation that recommended the partial grant and partial denial of the motion. Dkt. 92 ("R&R"). Specifically, Judge Stein

---

[1] Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the court in identifying a defendant. *Id.* at 76.

[2] Plaintiff also filed an opposition brief to the motion to dismiss his First Amended Complaint. Dkt. 69. After the moving Defendants sought to compel Plaintiff to choose between his Second Amended Complaint and his opposition brief, Dkt. 70, Plaintiff opted to proceed with his Second Amended Complaint at a status conference before Judge Stein. *See* Minute Entry dated Nov. 4, 2025.

[3] The remaining Defendants answered Plaintiff's Second Amended Complaint on December 18, 2025. Dkt. 78.

recommended that the motion be denied as to (1) Plaintiff's claim against the NYPH security officers under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment, (2) his Section 1983 claim against the NYPH security officers for conspiracy to violate his civil rights by using excessive force, and (3) his negligence claim against NYPH and the Jane Doe NYPH nurses for failure to protect. R&R at 13-30, 33-36, 48-51, 83-86. Judge Stein recommended that the motion be granted as to the remainder of Plaintiff's claims against the NYPH Defendants. *Id.* at 30-33, 36-47, 51-83.

On the NYPH Defendants' request, the Court extended the deadline for all parties to file objections to Judge Stein's Report and Recommendation to August 19, 2026. Dkt. 94. Accordingly, the NYPH Defendants filed objections on August 19, 2026. Dkt. 95 ("Defts. Objections"). One day later, on August 20, 2026, Plaintiff filed his objections to the Report and Recommendation.[4] Dkt. 99 ("Pl. Objections"). The NYPH Defendants responded to Plaintiff's objections on September 3, 2026. Dkt. 101 ("Defts. Response").

## II. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general." *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (citation modified). "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance." *Id.* (internal

[4] Plaintiff also filed a duplicate set of identical objections on August 27, 2026. Dkt. 100.

quotation marks omitted); *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). A district court reviews for clear error those parts of a Report and Recommendation to which no party has filed proper or timely objections. 28 U.S.C. § 636(b)(1)(A); *see Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

## III. Discussion

### A. The NYPH Defendants' Objections

The NYPH Defendants raise two objections to the Report and Recommendation, both targeted at the federal claims that Judge Stein recommended should survive dismissal.

First, they argue that Judge Stein erred by concluding that Plaintiff did not exceed the scope of his order permitting a Second Amended Complaint "to cure the deficiencies" identified in the initial motion to dismiss. Defts. Objections at 6-7; *see* R&R at 13-17; Sept. 15, 2025 Order at 1. The NYPH Defendants contend that by adding "fifteen (15) new causes action and new defendants" in his Second Amended Complaint, Plaintiff went beyond "cur[ing] the deficiencies" of his First Amended Complaint. Defts. Objections at 4. In their view, permitting Plaintiff to "cure [the] deficiencies" in his First Amended Complaint did not grant him "free reign to add new causes of action" or "plead new defendants." *Id.* at 9. Specifically, they object to Plaintiff's addition of (1) the Fourth Amendment excessive-force claim and (2) the failure-to-protect claim, *id.* at 10, both of which Judge Stein determined should survive dismissal, R&R at 1-2. Defts. Objections at 10.

Judge Stein determined that the undersigned should not dismiss the Second Amended Complaint without considering its merits, noting Plaintiff's *pro se* status and concluding that "the

Court cannot say that Plaintiff exceeded the scope of the September 15 Order." R&R at 14-15. As Judge Stein explained, his prior order did not limit amendment to the causes of action asserted or the parties named in the First Amended Complaint, and "the pleading of new causes of action is a common method of curing alleged deficiencies" in a complaint. *Id.* at 15-16. In resisting that conclusion, the NYPH Defendants discuss two cases where the court dismissed a *pro se* plaintiff's amended complaint for alleging new causes of action that went beyond curing pleading deficiencies. *See* Defts. Objections at 7-8 (citing *Miles v. City of New York*, No. 14 Civ. 9302 (VSB), 2018 WL 3708657 (S.D.N.Y. Aug. 3, 2018); *Hubbuch v. Cap. One, N.A.*, No. 25 Civ. 406 (VSB) (RWL), 2026 WL 691261 (S.D.N.Y. Feb. 10, 2026)). Both are distinguishable. In *Miles*, the court struck the newly asserted causes of action in the plaintiff's third amended complaint as exceeding the scope of "cur[ing] the deficiencies noted in Defendants' motion to dismiss" where the second amended complaint was already "329 pages and contain[ed] nearly 2,000 specifically numbered, single-spaced paragraphs." 2018 WL 3708657, at *3-5. In the third amended complaint, the plaintiff in *Miles* asserted "171 causes of action—many of which [were] duplicative, disorganized, and/or contradictory." *Id.* at *4. Plaintiff's Second Amended Complaint in this case, which is forty-five pages and pleads twenty-eight causes of action, *see generally* SAC, does not trigger concerns similar to those in *Miles*. In *Hubbuch*, the court had granted the plaintiff leave to amend, "but with the proviso that any amendment '*must* cure all the deficiencies discussed'" in the corresponding Report and Recommendation it adopted, which had found it "highly unlikely" that the plaintiff could plausibly state a particular claim against one of the defendants. 2026 WL 691261, at *5, *7 (emphasis added). No such explicit limitation was imposed in Judge Stein's order granting Plaintiff leave to file a Second Amended Complaint. *See* Dkt. 60.

Moreover, and more importantly, as the NYPH Defendants recognize, whether to dismiss the Second Amended Complaint for pleading new causes of action and adding new defendants falls "within [the Court's] authority and discretion." Defts. Objections at 10; *see* Fed. R. Civ. P. 15(a)(2) (providing that "a party may amend its pleading . . . with . . . the court's leave").[5] The Court agrees with Judge Stein's exercise of that discretion, for the reasons articulated in the Report and Recommendation, and thus finds no error in Judge Stein's conclusion that Plaintiff's new causes of action and his claims against new defendants should not be dismissed for exceeding the scope of amendment authorized in his September 15, 2025 Order.

The NYPH Defendants' second objection fails for reasons that naturally follow. Assuming the success of their first objection, the NYPH Defendants argue that Plaintiff necessarily fails to state a claim for conspiracy to use excessive force because a plaintiff cannot predicate a conspiracy on underlying constitutional violations that have been dismissed, *see Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001), and the substantive excessive-force claim should be dismissed for exceeding the scope of authorized amendment. Defts. Objections at 10-11. Because the Court declines to dismiss the excessive-force claim on those grounds, it also overrules the NYPH Defendants' objection to Judge Stein's recommendation as to the Plaintiff's claim for conspiracy to use excessive force.

The Court thus overrules the NYPH Defendants' two objections.

---

[5] Courts in this Circuit have on occasion declined to dismiss a *pro se* plaintiff's amended complaint even if it exceeded the scope of the court's order granting leave to amend. *See, e.g.*, *Arroyo-Horne v. City of New York*, 16 Civ. 3857 (MKB), 2019 WL 3428577, at *4 n.2 (E.D.N.Y. July 30, 2019) (collecting cases); *MacIntyre v. Moore*, 335 F. Supp. 402, 410 (W.D.N.Y. 2018) ("[G]iven Plaintiffs' *pro se* status, the Court declines to dismiss this claim solely because it exceeds the scope of the leave granted." (citation modified)); *Grimmett v. Corizon Med. Assocs. of N.Y.*, No. 15 Civ. 7351 (JPO) (SN), 2017 WL 2274485, at *5 n.3 (S.D.N.Y. May 24, 2017) (same).

### B. Plaintiff's Objection

Plaintiff objects to the Report and Recommendation's conclusion that he failed to state a medical malpractice claim. Pl. Objections at 1-5. To state a medical malpractice claim under New York law, the plaintiff must allege: "(1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage." *Torres v. City of New York*, 154 F. Supp. 2d 814, 819 (S.D.N.Y. 2001) (citing *Lyons v. McCauley*, 675 N.Y.S.2d 375, 376 (2d Dep't 1998)). "For a claim to sound in medical malpractice, the conduct must constitute 'medical treatment or bear a substantial relationship to the rendition of medical treatment by a licensed physician.'" *Rodriguez v. Saal*, 841 N.Y.S.2d 232, 236 (1st Dep't 2007) (quoting *Bleiler v. Bodnar*, 479 N.E.2d 230, 234 (N.Y. 1985)). A medical malpractice claim "may apply to acts or omissions committed by individuals and entities other than physicians"—such as nurses—"where those acts or omissions either constitute medical treatment or bear a substantial relationship to the rendition of medical treatment." *Karasek v. LaJoie*, 699 N.E.2d 889, 891 (N.Y. 1998).

Judge Stein concluded that Plaintiff failed to identify any unauthorized "medical procedures" by the NYPH security officers or any deviation from accepted medical practice by the NYPH nurses. R&R at 80-82. While Plaintiff does not object to this finding as to the security officers, he objects as to the nurses, arguing that the nurses "deviat[ed] or depart[ed] from accepted practice" when they "le[ft] Plaintiff in the hands of the NYPD police officers and NYPH security guards." Pl. Objections at 1-2. According to Plaintiff, they did so "potentially . . . with malice in retaliation . . . in response to what they deemed as rudeness from Plaintiff when he refused to answer their psychiatrical questions such as if he knew what day it was or where he was." *Id.* at 2. He maintains that his refusal to answer those questions did not permit the nurses to "essentially abandon him and allow officers to do whatever they wanted." *Id.*

The NYPH Defendants challenge the timeliness and merit of Plaintiff's objection. The NYPH Defendants appear to be correct that Plaintiff's objection was one day late. *See* Defts. Response at 1. The Court had set a deadline of August 19, 2026 for all parties to object to the Report and Recommendation, Dkt. 94, but Plaintiff filed his objection on August 20, 2026, Dkt. 99. Yet, given Plaintiff's *pro se* status and the fact that his objection was only one day late, the Court excuses the late filing and considers the merits of his objection. Nonetheless, Plaintiff's objection does not refute Judge Stein's conclusion that Plaintiff fails to provide detailed allegations of treatment that deviated from accepted medical practice or resulting injury. R&R at 82-83. Nor was there any error in that conclusion. Leaving Plaintiff "in the hands of" NYPD officers and NYPH security guards is neither medical treatment nor an act or omission that "bears a substantial relationship to the rendition of medical treatment by a licensed physician." *Bleilar*, 479 N.E.2d at 234. Rather, as Judge Stein concluded, this sounds in a failure-to-protect claim against NYPH and the NYPH nurses, which survives dismissal. *See* R&R at 84-85. The Court thus overrules Plaintiff's objection.

* * *

The undersigned additionally has conducted a *de novo* review of the portions of the Report and Recommendation to which no objection was made, and finds the entire Report to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety.

## IV. Conclusion

The Court overrules the NYPH Defendants' and Plaintiff's objections to the Report and Recommendation, and finds no error, clear or otherwise, in the portions of the Report and Recommendation to which no party objected. The Court therefore adopts the Report and

Recommendation in full. The Court denies the NYPH Defendants' motion as to (1) Plaintiff's Section 1983 claim for excessive force under the Fourth Amendment against the NYPH security officers, (2) his Section 1983 claim for conspiracy to violate his civil rights against the NYPH security officers, and (3) his claim for failure to protect against NYPH and the Jane Doe NYPH nurses. The Court grants the NYPH Defendants' motion as to Plaintiff's remaining claims. Specifically, the Court dismisses with prejudice Plaintiff's claims against the NYPH Defendants for assault and battery, false imprisonment and false arrest, kidnapping, coercion, and sexual assault, which are barred under the applicable statute of limitations. The Court dismisses Plaintiff's remaining claims against the NYPH Defendants without prejudice.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 79.

SO ORDERED.

Dated: September 24, 2026
New York, New York

JOHN P. CRONAN
United States District Judge